United States District Court
Southern District of Texas

**ENTERED**

March 19, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DONALD BEAUDION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-24-3742 |
| FRANK BISIGNANO,[1] | § | |
| *Commissioner of the Social Security* | § | |
| *Administration*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION ADOPTING THE
MEMORANDUM AND RECOMMENDATION**

Donald Beaudion filed this action under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner's final decision denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Beaudion and the Commissioner filed cross-motions for summary judgment. (Docket Entry Nos. 14, 15). The court has reviewed the Memorandum and Recommendation of United States Magistrate Judge Richard W. Bennett recommending granting the Commissioner's motion for summary judgment, denying Beaudion's motion, affirming the Commissioner's decision, and dismissing this case with prejudice. (Docket Entry No. 18). Objections to Judge Bennett's ruling have been filed. (Docket Entry No. 19). After considering the pleadings, the record, and the applicable law, the court denies the objections and adopts Judge Bennett's Memorandum and Recommendation. (Docket Entry No. 18).

Beaudion has three objections:

1. The ALJ relied on her own lay interpretation of the evidence when making the RFC finding.

---

[1] Frank Bisignano was sworn in as the Commissioner of Social Security in May 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

2. The ALJ was required to make a finding as to Beaudion's ability to maintain employment.

3. The ALJ was required to define her use of the term "customary breaks" as it applies to her RFC finding.

It appears that Beaudion is reurging the same arguments he raised before Judge Bennett. "An 'objection' that does nothing more than state a disagreement with a magistrate[] [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Talbert v. Lynch*, No. PE:16-cv-00018-RAJ, 2017 WL 11236935, at *4 (W.D. Tex. Feb. 17, 2017) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)). "Furthermore, objections that simply rehash or mirror the underlying claims addressed in the report do not justify de novo review." *Torgerson v. Henderson County*, No. 6:21-cv-390-JDK-JDL, 2022 WL 1204774, at *1 (E.D. Tex. Apr. 22, 2022) (citing *United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013)). Despite his arguments, Beaudion fails to show that the Memorandum and Recommendation is in error or that he is entitled to relief.

Judge Bennett properly considered the evidence and correctly applied the applicable law. The Memorandum and Recommendation of Judge Bennett is adopted as this court's Memorandum and Opinion. Final judgment is separately entered.

SIGNED on March 19, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2